UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br>11 Dupont Circle, N.W., 9th Floor<br>Washington, D.C. 20036-2012,<br><br>and<br><br>STEPHEN ABRECHT, RODERICK S. BASHIR, KEVIN J. DOYLE, MYRIAM ESCAMILLA, DAVID A. STILWELL, STEVEN W. FORD, LARRY T. SMITH, EDWARD J. MANKO JOHN J. SHERIDAN, and FRANK A. MAXSON, TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND,<br>11 Dupont Circle, N.W., 9th Floor<br>Washington, D.C. 20036-2012,<br><br>      Plaintiffs,<br><br>v.<br><br>GREAT LAKES WINDOW CLEANING, LLC<br>  d/b/a B & R WINDOW CLEANING, INC.<br>6660 Avon Lake Road<br>Medina, OH 44256<br>      Defendant. | Case No: 13-CV-1470 |

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, SURCHARGES, ATTORNEY'S FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.  This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

1

(d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, <u>as amended</u> ("LMRA"), 29 U.S.C. § 185(a) to collect unpaid collectively bargained contributions, interest, liquidated damages and surcharges due under the Pension Protection Act of 2006 owed by the Defendant.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the SEIU Pension Fund is administered in this district.

## Parties

4. Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., 9th Floor, Washington, D.C. 20036.

5. Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Kevin J. Doyle, Myriam Escamilla, David A. Stilwell, Steven W. Ford, Larry T. Smith, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of

the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6. Defendant Great Lakes Window Cleaning, LLC ("Great Lakes Window") is an "employer in an industry affecting commerce" as defined in Section 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7. Upon information and belief, Defendant Great Lakes Window conducts business as B & R Window Cleaning ("B & R Window"). Defendant Great Lakes Window is a domestic limited liability company registered in the state of Ohio with a mailing address of 6660 Avon Lake Road, Medina, OH 44256.

## Factual Background

8. At all relevant times, Service Employees International Union Local 3 (the "Union") has been the exclusive collective bargaining agent for the Defendant's employees working for B & R Window.

9. The Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement") with the Union effective for the period of January 1, 2007 through December 31, 2011. The Collective Bargaining Agreement provides that the agreement will continue from year to year unless a bargaining party gives timely notice of its intent to terminate or modify the agreement. A true, correct and complete copy of the relevant Collective Bargaining Agreement is attached as Plaintiffs' Exhibit 1. Upon information and belief, the

bargaining parties have not given timely notice of the intent to terminate or modify the agreement.  As a result, the collective bargaining agreements remain in full force and effect.

10. Defendant was obligated to make contributions to the SEIU Pension Fund under the terms of its CBA with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent no inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

11. Pursuant to the Article XI of the Collective Bargaining Agreement, the Defendant is obligated to remit contributions to the SEIU Pension Fund.  See Exhibit 1.  Effective January 1, 2007 the Defendant was obligated to contribute $1.55 per hour for each hour compensated for each employee covered by the Collective Bargaining Agreement.  That amount was increased to $1.75 effective January 1, 2008; then to $1.95 effective January 1, 2009; then to $2.15 effective January 1, 2010; and then to $2.35 effective January 1, 2011.  See Exhibit 1, Article XI § 1.

12. The Defendant expressly agreed to comply with and be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").  See Exhibit 1, Article XI § 1. Moreover, by submitting contributions and/or reports, the Defendant further agreed to be bound by the SEIU Pension Fund's Statement of Policy for Collection of Delinquent Contributions ("Collections Policy").  A true and correct copy of the Trust Agreement is attached hereto as Exhibit 2.  A true and correct copy of the Collections Policy is attached hereto as Exhibit 3.

13.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement and Section 5 of the Collection Policy provide that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. See Exhibits 2 & 3.

14.     At all relevant times, Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the rate of five percent (5%) prior to the commencement of legal action and twenty percent (20%) thereafter, and attorneys' fees and costs.

15.     To date, Defendant has failed to remit certain contractually required remittance reports and contributions and has failed to pay certain interest charges, liquidated damages, and surcharges required by the Pension Protection Act of 2006 ("PPA") to the SEIU Pension Fund.

16.     The SEIU Pension Fund has made multiple attempts to contact the Defendant since the Defendant's delinquencies. The Defendant has not made any response.

17.     Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011 and January 1, 2012. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011 and April 30, 2012. Copies of these letters are attached as Plaintiffs' Exhibit 4.

18.     In accordance with the Pension Protection Act of 2006 ("PPA"), the SEIU Pension Fund established a Rehabilitation Plan. Participating employers in the Fund were

5

notified of the Rehabilitation Plan in November 2009.  A copy of this letter is attached as Plaintiff's Exhibit 5.  Under the Rehabilitation Plan, participating employers are required to pay surcharges and supplemental contributions to the SEIU Pension Fund under either the Default or Preferred Schedule of the Rehabilitation Plan.

19.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation.  The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan.  For the SEIU Pension Fund, a 5 percent (5%) surcharge was applicable in the initial critical year (2009), and a 10 percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a CBA that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer.

20.     Pursuant to the Rehabilitation Plan, Defendant owed surcharges in the amount of 10% of all owed contributions beginning January 2010. As of June 1, 2012, Defendant was placed under the Default Schedule and owed supplemental contributions in the amount of 47.4% of all owed contributions.  Beginning June 1, 2013, Defendant owed supplemental contributions in the amount of 62.57% of all contributions due. Defendant has failed to pay these PPA surcharges and supplemental contributions and, as a result, has incurred interest on the amounts due. Pursuant to Section 305(e)(7)(B) of ERISA, any failure to make a required surcharge shall be treated as a delinquent contribution under Section 515 of ERISA.  29 U.S.C. § 1085(e)(7)(B).

21. Defendant has also failed to remit reports or contributions, including supplemental contributions, for the period of January 2011 through the present. Liquidated damages and interest charges will be assessed to these past-due contributions.

22. Prior to commencing this lawsuit, the SEIU Pension Fund contacted Defendant in an attempt to obtain the outstanding remittance reports and contributions. However, Defendant has failed to remit the required reports or make payment on the amounts due.

## COUNT I

23. Plaintiffs reallege and incorporate Paragraphs 1 through 22.

24. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

25. Defendant is obligated, under the terms of the collective bargaining agreement, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees. The Defendant is further obliged by the SEIU Pension Fund's Rehabilitation Plan and the Pension Protection Act of 2006 to pay surcharges and supplemental contributions. The Defendant has failed and refused to fulfill its contractual obligations for owed reports, contributions, PPA surcharges, and resulting liquidated damages and interest.

26. Defendant has failed to remit any reports or the required contributions for the months of January 2011 through the present. Without these reports, Plaintiffs have no way of calculating the exact amounts owed. Liquidated damages will be assessed on the past-due contributions for these months in accordance with the SEIU Pension Fund's governing documents and interest will continue to accrue until the date of full payment.

27.     Defendant owes the SEIU Pension Fund $3,822.70 in unpaid contributions, $382.28 in Pension Protection Act surcharges, and $426.20 in liquidated damages for the period of May 2010 through December 2010. Defendant owes $1,280.76 in interest charges on these unpaid contributions and surcharges through September 30, 2013. Additional interest continues to accrue at a rate of 10% per annum on all unpaid amounts.

28.     Defendant additionally owes interest to the SEIU Pension Fund in the amount of $843.13 for late paid contributions for the months of January 2007 through May 2009 and Pension Protection Act surcharges in the amount of $19.20 for May 2009.

29.     Defendant has failed to remit reports to the SEIU Pension Fund for the period of January 2011 through the present. Because these reports have not been submitted, the amount of money due to the Fund is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of the defendant during the reporting month. Liquidated damages in the amount of 20% of all unpaid contributions are assessed to these unreported and unpaid amounts and interest accrues on these unreported and unpaid amounts at a rate of 10% per annum. Defendant is also required to pay surcharges and supplemental contributions for these unreported months pursuant to the Pension Protection Act and the SEIU Pension Fund's Rehabilitation Plan.

30.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact the Defendant in an effort to obtain the outstanding remittance reports and contributions from Defendant.  Defendant continues to fail and refuse to remit the required reports or make payment on the amounts due.  There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the

delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

32. Defendant's failure to timely pay required contributions, liquidated damages, PPA surcharges, and interest has caused irreparable harm to the Plaintiffs and their plan participants and allowing Defendant to do so creates an atmosphere in the industry encouraging other employers to do the same. Injunctive relief is appropriate under section 502(a) of ERISA; 29 U.S.C. §1132(a)(3)(A).

32. Pursuant to Section 502(g) of the ERISA and the Pension Plan's governing documents, the Plaintiffs are entitled to its reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in remitting required reports and contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2. Order Defendant to submit all owed reports for the months of January 2011 through the present and enter judgment upon Defendant's submission of the reports for the corresponding contributions and resulting liquidated damages and interest and PPA surcharges and supplemental contributions in accordance with the Fund's governing documents;

3. Award Plaintiff's a judgment in the total amount of $6,774.27 to account for Defendant's delinquent contributions in the amount of $3,822.70, resulting interest in the amount of $1,280.73, liquidated damages in the amount of $426.20, and surcharges due under the Pension Protection Act of 2006 amounting to $382.28, for the period of May 2010 through December 2010 (plus all additional interest as it accrues through the date of judgment in the amount of 10% per annum), as well as interest charges in the amount of $843.13 for previously

late paid contributions for the period of January 2007 through May 2009 and PPA surcharges due for the month of May 2009, in the amount of $19.20.

4. Enter judgment for Plaintiff's attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Fund's Trust Agreement, and Section 502(g) of ERISA;

5. Enter a permanent injunction requiring the Defendant to timely file its remittance reports and to pay all contributions as they become due and owing to the SEIU Pension Fund in the future;

6. Retain jurisdiction of this case pending compliance with its Orders; and,

7. Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ Diana M. Bardes
Diana M. Bardes (D.C. Bar #1010075)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C.  20036
(202) 783-0010
(202) 783-6088 Facsimile
dbardes@mooneygreen.com
Counsel for the Plaintiffs

Dated: September 26, 2013